# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ABIGAIL G. o/b/o KEVIN G.,[1] | : | Case No. 3:21-cv-287 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Abigail G. o/b/o Kevin G.[2] brings this case challenging the Social Security Administration's denial of the Claimant's applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #7).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] The administration was notified of Kevin G.'s passing on March 27, 2021, while waiting on the appeal to Appeals Counsel. (Doc. 7-2, *PageID* #s 32-37). Abigail G. was substituted as the interested party. Accordingly, references to "Plaintiff" will refer to Abigail G. while references to "the Claimant" will refer to Kevin G.

requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, the Claimant protectively applied for benefits in June 2019, alleging disability due to several impairments, including his right kidney was removed on January 3, 2018 due to kidney cancer, high blood pressure, he suffered a stroke in November 2017, memory loss, slurred speech, loss of balance, chronic fatigue, bilateral knee pain, some loss of cognitive ability, and edema. (Doc. #7-6, *PageID* #294). After the Claimant's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing the sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] The ALJ reached the following main conclusions:

| | |
|---|---|
| Step 1: | The Claimant has not engaged in substantial gainful activity since November 17, 2017, the alleged onset date. |
| Step 2: | He has the following severe impairments: residuals of kidney cancer and a resulting right nephrectomy and osteoarthritis of the bilateral knees. |
| | The Claimant has the following nonsevere impairments: hypertension. |
| Step 3: | The Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th |

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

> Cir. 2002), consist of "light work … subject to the following limitations: (1) frequently crouching, crawling, kneeling, stooping, balancing, and climbing ramps and stairs; (2) never climbing ladders, ropes, or scaffolds; and (3) no work around hazards such as unprotected heights or dangerous machinery."
>
> The Claimant is capable of performing his past relevant work as a financial planner. This work does not require the performance of work-related activities precluded by his RFC.

(Doc. #7-2, *PageID* #s 60-66). Based on these findings, the ALJ concluded that the Claimant has not been disabled since November 17, 2017. *Id.* at 67.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 59-66), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.** **Discussion**

In the Statement of Errors, Plaintiff alleges that the "ALLJ erred by finding [the Claimant] capable of sustaining light exertion work and that [he] could perform a highly skilled past job that he had not performed in more than a decade." (Doc. #9, *PageID* #734). In response, the Commissioner maintains that the ALJ's decision is supported by substantial evidence. (Doc. #10, *PageID* # 742-48).

An individual's RFC "is defined as the most [he] can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). *See also* 20 C.F.R. § 404.1545(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.), *report and recommendation adopted*, No. 1:09CV411, 2010 WL 3730981 (S.D. Ohio Sept. 8, 2010) (Dlott, D.J.).

When determining the RFC, the ALJ is charged with evaluating several factors, including the medical evidence (not limited to medical opinion testimony) and the claimant's testimony. *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar.

2, 2010) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)).  However, the ALJ need not discuss every piece of evidence considered.  *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. 2004).  Instead, the ALJ is obligated to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC.  *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.).

As noted previously, Plaintiff alleges that the ALJ erred in his RFC determination by finding that the Claimant was capable of sustaining light exertional work.  (Doc. #9, *PageID* #s 738-40).  Specifically, Plaintiff argues that ALJ Kenyon erred in finding that the Claimant did not require an assistive device and that he could perform a good deal of walking and standing each workday. *Id*.  In response, the Commissioner maintains that the ALJ reasonably concluded that the Claimant could perform a reduced range of light work and that his finding that a cane was not "medically necessary" was supported by substantial evidence. (Doc. #10, *PageID* #s 745-48).

The Commissioner's argument is well taken. In this case, ALJ Kenyon first explained the history of the Claimant's impairments, including his history of right kidney renal cell carcinoma and ensuing right radical nephrectomy as well as the Claimant's postoperative complaints of "generalized multisystem symptoms including fatigue/lack of motivation, generalized pain predominately in the back, intermittent dizziness, and stage 3 chronic kidney disease (CKD) secondary to reduced renal mass." (Doc. #7-2, *PageID* #60) (record citations omitted).

Additionally, ALJ Kenyon noted that the Claimant was diagnosed with osteoarthritis of the bilateral knees and that he took pain medication as needed for the residual lower back pain following his nephrectomy. *Id*. As a result, ALJ Kenyon found that the Claimant's residuals of kidney cancer and resulting right nephrectomy as well as his osteoarthritis of the bilateral knees constituted severe impairments. *Id*.

A review of the record also supports ALJ Kenyon's finding that the Claimant could perform a reduced range of light work and that an assistive device was not medically necessary. In evaluating the functional limitations stemming from the Claimant's impairments, ALJ Kenyon observed that the imaging following the Claimant's nephrectomy was negative for recurrent or residual malignancy and that there was no clear indication that his multisystem symptoms were related to the underlying malignancy. *Id*. Additionally, he noted that the Claimant did not appear to receive treatment for his osteoarthritis. *Id*.

Further, despite being prescribed a 4-prong walker and bathtub aid in October 2020, the Claimant was routinely documented as being able to walk with normal gait and retaining full muscle strength and tone of the bilateral lower and upper extremities with no neurological deficits or weakness. *Id*. at 64. This, in conjunction with evidence indicating that the Claimant's bouts of dizziness were intermittent and that his Romberg test was negative, led ALJ Kenyon to conclude that a cane was not medically necessary. *Id*. Further, the Claimant's cognition was described as intact and without concentration or motor deficits. *Id*. Nonetheless, ALJ Kenyon decided to limit the Claimant to simple, repetitive tasks so as to accommodate his subjective complaints of loss of cognition, memory and/or balance problems. *Id*.

Further, the record does not contain any medical opinion finding that the Claimant would be unable to perform light exertional work or would require a handheld assistive device. On the contrary, the only objective evidence Plaintiff uses to support the Claimant's use of a handheld assistive device is the prescription the Claimant received from Dr. Zion Olumoroti Oshikanlu in October 2020 for a 4-prong walker and bathtub aid. (Doc. #7-6, *PageID* #347). Notably, the record is devoid of any information as to why Dr. Oshikanlu prescribed these assistive devices, how long the Claimant was to use the devices, and under what circumstances.  Additionally, to the extent that Plaintiff argues that the ALJ failed to weigh Dr. Oshikanlu's prescription as a medical opinion, the undersigned notes that such mere statements and prescription are too vague to constitute medical opinions or support specific functional limitations. *See Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 434 (6th Cir. 2018) (finding that an ALJ may properly reject a vague opinion that does not provide any specific functional limitations).

Instead, the only opinions in the record come from the state agency reviewing physicians, Bruce Mirvis, M.D., and Leon Hughes, M.D. (Doc. #7-3, *PageID* #s 101-109, 121-25). Notably, neither of these physicians recommended that the Claimant be restricted to sedentary work or have a handheld assistive limitation in his RFC. Here, Dr. Mirvis reviewed Plaintiff's file in August 2019 and found that he had severe physical impairments of malignant neoplasm of the kidney and osteoarthritis but otherwise could not fully evaluate the Claimant's impairments due to his failure to cooperate. (Doc. #7-3, *PageID* #109).  Dr. Hughes, on the other hand, was provided additional evidence submitted at the hearing level and was able to opine as to the Claimant's impairment and functioning in his December 2019 report. *Id.* at 121- 24. According to Dr. Hughes, the Claimant

7

suffered from severe impairments, including malignant neoplasm of the kidney, osteoarthrosis, and chronic kidney disease. *Id*. at 121. As a result of these impairments, Dr. Hughes opined that the Claimant retained the following functional abilities: lift up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; unlimited push and/or pull within weight restrictions; climbing ramps and stairs frequently; never climbing ladders, ropes, or scaffolds; and balancing, stooping, kneeling, crouching, and crawling frequently. *Id*. at 123-24. Dr. Hughes also found that the Claimant should not work at heights or near hazards. *Id*. at 124.

Given Dr. Mirvis' inability to perform a complete review, ALJ Kenyon found that his opinion was incomplete and, therefore, inconsistent with the additional evidence submitted. (Doc. #7-2, *PageID* #63). However, ALJ Kenyon did find Dr. Hughes' opinion to be persuasive, noting that his determination that the Claimant could perform light work was well-supported by the objective evidence of record. *Id*. at 64. Based on his review of Dr. Hughes' opinion, the objective evidence of record, and the Claimant's subjective reports, ALJ Kenyon concluded that that the Claimant retained the RFC to perform a limited range of light work, which would require "standing or walking, off and on, for [about] 6 hours of an 8-hour workday. (Doc. #7-2, *PageID* #63); Soc. Sec. R. 83-10, 1983 WL 31251, at *6; *see also* 20 C.F.R. § 404.1567(b) (defining light work as including "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."). Notably, in reaching this conclusion, ALJ Kenyon accommodated all of the physical restrictions recommended by Dr. Hughes. (Doc. #7-2, *PageID* #64).

In short, ALJ Kenyon appropriately considered all of the evidence of record and rendered a physical RFC assessment, which was supported by substantial evidence, including Plaintiff's complaints, medical records, and state medical opinions. *See* 20 C.F.R. § 404.1545(a)(3) (stating that RFC assessments should be "based on all of the relevant medical and other evidence"). Further, while it is true that the ALJ's decision must be supported by substantial evidence, it is Plaintiff who "bears the burden of proving the existence and severity of limitations caused by [the Claimant's] impairments" through step four of the sequential evaluation process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Accordingly, it was Plaintiff's burden to convince the ALJ that these impairments mandated stricter limitations. She failed to do so. *See, e.g., Cejka v. Comm'r of Soc. Sec.,* No. 12-11102, 2013 WL 1317213, at *15 (E.D. Mich. Feb. 27, 2013), report and recommendation adopted, No. 12-11102-DT, 2013 WL 1294133 (E.D. Mich. Mar. 29, 2013) ("Plaintiff acknowledges that no treating physician imposed any limitations on plaintiff as a result of her carpal tunnel syndrome, and does not point to any limitations imposed by any consulting or examining physician."). For these reasons, the undersigned finds that substantial evidence supports the ALJ's assessment of the Claimant's RFC.

Finally, Plaintiff also purports to challenge the ALJ's finding that the Claimant was able to perform his past relevant work as a financial planner. (Doc. #9, *PageID* #740). Notably, Plaintiff's entire argument on this point is: "In sum, the ALJ unreasonably found … [the Claimant] could still perform his highly skilled past relevant work—which [the Claimant] had not performed in more than a decade." *Id*. In light of Plaintiff's failure to meaningfully set forth how the ALJ erred in this regard, the undersigned finds this argument waived. Indeed, it is not it is not the Court's

9

function to comb through the entire record to develop an argument on Plaintiff's behalf or to take the portions of the record cited by Plaintiff's counsel and attempt to craft an argument that supports the general issues he referenced in the most perfunctory manner. *Gray v. Astrue*, 4:09–CV–01468, 2010 WL 2106200 (N.D. Ohio Mar. 31, 2010) *report and recommendation adopted sub nom. Gray v. Comm'r of Soc. Sec.*, 4:09CV1468, 2010 WL 2106196 (N.D. Ohio May 25, 2010) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.")). *See also Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490 (6th Cir. 2006) ("This challenge warrants little discussion, as [plaintiff] has made little effort to develop this argument in her brief on appeal...."). Based on the foregoing, Plaintiff's Statement of Errors is without merit.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #9) is **DENIED;**
2. The Commissioner's non-disability determination is **AFFIRMED**; and
3. The case is terminated on the docket of this Court.

March 29, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge